UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALPHONSO RAMON CLARK,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SACRAMENTO,<br><br>Defendant. | No. 2:20-cv-0432 AC P<br><br><br><br>ORDER |

Plaintiff, a former county prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. Currently before the court is plaintiff's first amended complaint. ECF No. 11.

I.     <u>Statutory Screening of Prisoner Complaints</u>

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[1] 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

---

[1] Although it appears that plaintiff may have been a civil detainee rather than a prisoner, he is proceeding in forma pauperis and the complaint is therefore subject to screening under 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B), the court must dismiss a complaint or portion thereof if the plaintiff has raised claims that are "frivolous or malicious," "fail[ ] to state a claim on which relief may be granted," or that "seek[ ] monetary relief against a defendant who is immune from such relief."

1

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the

pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

## II. First Amended Complaint

The first amended complaint alleges that defendants Burger, Gandhi, and Jones violated plaintiff's constitutional rights. ECF No. 11. Plaintiff alleges that Burger violated his rights by refusing to provide him with running water and toilet paper. Id. at 3. As a result, plaintiff became dehydrated and had no choice but to drink water from the toilet, which resulted in the development of a fistula. Id. Plaintiff further alleges that he has documented Crohn's disease that sometimes causes him to defecate on the floor and that defendant Gandhi dropped his breakfast through the food port where there was feces, which caused plaintiff to develop a fistula from eating his own feces. Id. at 4. Finally, plaintiff alleges that defendant Jones was the captain and it was his responsibility to ensure everyone's safety and that plaintiff has become a target for retaliation. Id. at 5.

## III. Conditions of Confinement Claims

Although plaintiff asserts his conditions of confinement claims under the Eighth Amendment, portions of the complaint indicate that he may have been a civil commitment detainee rather than a prisoner. See ECF No. 11 at 3-4, 6 (stating that plaintiff was "5150"[2] and requesting "better care of civil commitment"). Accordingly, his claims will be analyzed under the Fourteenth Amendment. See Jones v. Blanas, 393 F.3d 918, 931-34 (9th Cir. 2004) (claims regarding civil detainee's conditions of confinement appropriately analyzed under Fourteenth Amendment).

A Fourteenth Amendment failure-to-protect claim against an individual officer includes the following elements:

> (1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;
>
> (2) Those conditions put the plaintiff at substantial risk of suffering serious harm;

---

[2] California Welfare and Institutions Code § 5150 addresses the temporary, involuntary confinement of individuals as a result of a mental health disorder.

3

> (3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and
>
> (4) By not taking such measures, the defendant caused the plaintiff's injuries.

Castro v. County of Los Angeles, 833 F.3d 1060, 1071 (9th Cir. 2016). Plaintiff's allegations that Burger denied him access to fresh water to the point he became dehydrated and had to drink water from the toilet are sufficient to state a claim against Burger.[3] However, the claims against Gandhi fail because the facts alleged do not demonstrate that Gandhi deliberately dropped plaintiff's breakfast into his feces, or knew that he was likely to contaminate plaintiff's food with feces. Moreover, there are insufficient facts to show that doing so on a single occasion would put plaintiff at substantial risk of suffering serious harm or that a reasonable officer would have appreciated the high degree of risk. A single instance of food contamination is more likely to result in a skipped meal than ingestion of feces, and deprivation of a single meal does not violate the Eighth Amendment. Plaintiff's allegations that Jones was responsible as captain also fail because "[t]here is no respondeat superior liability under section 1983," Taylor v List, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted), and the complaint does not contain any facts showing that Jones was personally involved in any of the alleged violations and or was aware of the conduct and failed to intervene.

IV. Retaliation Claims

A viable First Amendment claim for retaliation must allege the following five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."

---

[3] Although plaintiff's allegation that "this all started in 2012," ECF No. 11 at 3, indicates a possibility that this claim is barred by the statute of limitations, the bar is not clear on the face of the complaint. Plaintiff also alleges that he was mentally incapacitated at the time, id., raising the possibility of an entitlement to tolling, see Cal. Civ. Proc. Code § 352(a) (tolling the statute of limitations for lack of legal capacity where such incapacity existed when the action accrued). Similarly, though the complaint indicates that plaintiff did not exhaust administrate remedies, the court is unable to determine whether this failure bars the complaint because it is unclear whether plaintiff was a pretrial or civil detainee.

4

Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote and citations omitted). Plaintiff's claim that he has become a target for retaliation fails because he does not identify who retaliated against him, what conduct protected by the First Amendment provided the motive for retaliation, or what was done to retaliate against him.

V. Leave to Amend

For the reasons set forth above, the court finds that the complaint does not state cognizable claims for retaliation or against defendants Gandhi and Jones. However, it appears that plaintiff may be able to allege facts to remedy this and he will be given the opportunity to amend the complaint if he desires.

Plaintiff may proceed forthwith to serve defendant Burger on his conditions of confinement claim or he may delay serving any defendant and amend the complaint.

Plaintiff will be required to complete and return the attached notice advising the court how he wishes to proceed. If plaintiff chooses to amend the complaint, he will be given thirty days to file an amended complaint. If plaintiff elects to proceed on his claims against defendant Burger without amending the complaint, the court will proceed to serve the complaint. A decision to go forward without amending the complaint will be considered a voluntarily dismissal without prejudice of plaintiff's retaliation claim and all claims against defendants Gandhi and Jones.

If plaintiff chooses to file a second amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his second amended complaint complete. Local Rule 220 requires that an amended complaint be

complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files a second amended complaint, any previous complaints no longer serve any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VI. Plain Language Summary of this Order for a Pro Se Litigant

Some of the allegations in the complaint state claims against the defendants and some do not. You have stated a claim for relief against defendant Burger and he will be required to respond to the complaint. You have not alleged enough facts to state claims against defendants Gandhi and Jones, and you have not provided enough information to state a retaliation claim against any defendant.

You have a choice to make. You may either (1) proceed immediately on your conditions of confinement claim against defendant Burger and voluntarily dismiss the other claims and defendants or (2) try to amend the complaint. If you want to go forward without amending the complaint, you will be voluntarily dismissing without prejudice your retaliation claims and all claims against defendants Gandhi and Jones.

If you choose to amend your complaint, the second amended complaint must include all of the claims you want to make because the court will not look at the claims or information in the original complaint. **Any claims and information not in the second amended complaint will not be considered.**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's claims for retaliation and against defendants Gandhi and Jones do not state claims for which relief can be granted.

2. Plaintiff has the option to proceed immediately on his conditions of confinement claim against defendant Burger as set forth in Section III above, or to amend the complaint.

3. Within fourteen days of service of this order, plaintiff shall complete and return the attached form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file a second amended complaint. If plaintiff does not return the form, the court will assume that he is choosing to proceed on the complaint as screened and will recommend dismissal without prejudice of the retaliation claim and all claims against defendants Gandhi and Jones.

DATED: July 1, 2021

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALPHONSO RAMON CLARK,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF SACRAMENTO, et al.,<br><br>　　　　　　Defendants. | No. 2:20-cv-0432 AC P<br><br><br>PLAINTIFF'S NOTICE ON HOW TO PROCEED |

　　　　Check one:

_____ Plaintiff wants to proceed immediately on his conditions of confinement claim against defendant Burger without amending the complaint. Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing without prejudice his retaliation claims and all claims against defendants Gandhi and Jones pursuant to Federal Rule of Civil Procedure 41(a).

_____ Plaintiff wants to amend the complaint.

DATED:_____　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　Alphonso Ramon Clark
　　　　　　　　　　　　　　　　　　　　　　　　　　Plaintiff pro se

1