UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALPHONSO RAMON CLARK, | No. 2:20-cv-0432 AC P |
| Plaintiff, | |
| v. | ORDER TO SHOW CAUSE |
| COUNTY OF SACRAMENTO, et al., | |
| Defendants. | |

     Plaintiff is a former county prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.

     By order filed July 2, 2021, the undersigned screened the complaint and found that plaintiff had stated a conditions-of-confinement claim against defendant Burger, but that his retaliation claims and claims against Gandhi and Jones failed to state claims for relief.  ECF No. 12.  Plaintiff was given the option to proceed on the complaint as screened or to amend the complaint, id. at 6, and he chose to proceed on the complaint as screened, ECF No. 13.  As a result, defendants Gandhi and Jones were voluntarily dismissed.  Id.; ECF No. 14.

     After plaintiff made his election, the court ordered the United States Marshal to serve the complaint on defendant Burger, but process was returned unserved because the sheriff's department does not have an employee by that name.  ECF No. 18.  By order filed August 13, 2021, plaintiff was given sixty days to provide additional information for service and instructed to

"promptly seek such information through discovery, the California Public Records Act, Calif. Gov't. Code § 6250, et seq., or other means available to plaintiff." ECF No. 19 at 1. Plaintiff was also advised that if he was unable to provide additional information for service he must show good cause why he could not provide such information. Id. at 2.

On August 21, 2021,[1] plaintiff filed a response to the August 13, 2021 order stating that he had no way of locating defendant Burger, was seeking judicial intervention, and was requesting that his deadline to provide additional information be extended to January 1, 2022, because he would be back in Sacramento County Jail at that time. ECF No. 20. The requests for assistance and an extension of time were denied because plaintiff did not show that he had made any attempts to identify defendant Burger and failed to show good cause to extend the deadline at that time. Id. Plaintiff has not filed anything further, and the deadline for providing additional service information for Burger or showing cause why such information cannot be provided has now passed. Because Burger is the only remaining defendant in this case, the action cannot proceed.

Accordingly, IT IS HEREBY ORDERED that within thirty days of the service of this order, plaintiff shall show good cause in writing why this action should not be dismissed for failure to identify and serve defendant Burger.

DATED: October 26, 2021

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[1] This date reflects application of the prison mailbox rule. See Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing rule that a prisoner's court document is deemed filed on the date the prisoner delivered the document to prison officials for mailing).